**PRIORITY SEND**
**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 11-1947VAP(OPx)                              Date:  December 28, 2011

Title:    DAVID HECHLER, KAREN HECHLER -v- ALFREDO J. ALVA, ROSE M. ALVA
=================================================================
PRESENT:     HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:    MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

    On November 8, 2011, Plaintiffs David and Karen Hechler ("Plaintiffs") filed a complaint for unlawful detainer ("Complaint") against Defendants Alfredo J. and Rose M. Alva ("Defendants") in the California Superior Court for the County of San Bernardino.  (Not. of Removal.)  On December 9, 2011, Defendants removed the action on the basis of this Court's diversity jurisdiction, 28 U.S.C. § 1332.  (<u>See</u> Not. of Removal at 1.)

    Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the

EDCV 11-1947VAP(OPx)
DAVID HECHLER, KAREN HECHLER v. ALFREDO J. ALVA, ROSE M. ALVA
MINUTE ORDER of December 28, 2011

defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendants claim removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332. (See Not. of Removal at 3.) Upon review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case. First, Defendants misstate the jurisdictional threshold for diversity jurisdiction, asserting that the damages here exceed $4,000, when the statutory minimum amount for diversity jurisdiction is $75,000. (Id. at 3); see 28 U.S.C. § 1332. Defendants also do not explain how a case, filed by Plaintiffs as one where damages are no more than $10,000, could be valued at $75,000 to meet the statutory requirements for diversity jurisdiction. (See Not. of Removal.)

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendants have not met their burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Accordingly, the Court REMANDS this action to the Superior Court of California, San Bernardino County.

**IT IS SO ORDERED.**